IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ORIGINAL**

| | |
|---|---|
| INTEX RECREATION CORP., ) | |
| ) | Case No.: 1:01CV01213 |
| Plaintiff/Counterclaim-Defendant, ) | |
| ) | Hon. John D. Bates |
| v. ) | |
| ) | |
| METALAST, S.A., Sociedad Unipersonal, ) | |
| ) | |
| Defendant/Counterclaim-Plaintiff. ) | |

**METALAST'S MOTION TO COMPEL INTEX TO PRODUCE ALL INFORMATION, INCLUDING ALL ATTORNEY-CLIENT COMMUNICATIONS, CONCERNING THE SUBJECT MATTER OF THE OPINIONS OF COUNSEL PRODUCED BY INTEX IN SUPPORT OF ITS ADVICE-OF-COUNSEL DEFENSE TO METALAST'S WILLFUL INFRINGEMENT CLAIM AND MEMORANDUM IN SUPPORT**

Martin G. Raskin<br>
Joshua L. Raskin<br>
STEINBERG & RASKIN, P.C.<br>
1140 Avenue of the Americas<br>
New York, NY 10036<br>
Phone: (212) 768-3800<br>
Fax: (212) 382-2124<br>
<br>
John E. Curtin (D.C. Bar No. 448140)<br>
HARNESS, DICKEY & PIERCE, P.L.C.<br>
11730 Plaza America Drive, Suite 600<br>
Reston, VA 20190<br>
Phone: (703) 668-8046<br>
Fax: (703) 668-8200<br>
<br>
Attorneys for Defendant<br>
Metalast, S.A.

May 6, 2004

# TABLE OF CONTENTS

|      |                                                                                                                                                                                                                                                          | Page(s) |
|------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|---------|
| I.   | PRELIMINARY STATEMENT                                                                                                                                                                                                                                    | 1       |
| II.  | FACTUAL BACKGROUND                                                                                                                                                                                                                                       | 2       |
| III. | ARGUMENT                                                                                                                                                                                                                                                 | 4       |
|      | A. Statement of Law                                                                                                                                                                                                                                      | 5       |
|      | B. By Asserting The Advice-Of-Counsel Defense And Producing The Opinion Letters, Intex Has Waived The Attorney-Client Privilege With Regard To All Information, Including All Attorney-Client Communications, Concerning The Subject Matter Of The Opinions | 7     |
| IV.  | CONCLUSION                                                                                                                                                                                                                                               | 9       |

# TABLE OF AUTHORITIES

**Cases**     **Page(s)**

Bott v. Four Star Corp.,
   807 F.2d 1567 (Fed. Cir. 1986) .................................................................................5

Ortho Pharmaceutical Corp. v. Smith,
   959 F.2d 936 (Fed. Cir. 1992) ..................................................................................5-6

Panduit Corp. v. All States Plastic Mfg. Co.,
   744 F.2d 1564 (Fed. Cir. 1984) .................................................................................5

Read Corp. v. Portec, Inc.,
   970 F.2d 816 (Fed. Cir. 1992) ...................................................................................6

Simmons, Inc. v. Bombardier Motor Corp. of America,
   2004 U.S. Dist. LEXIS 4274 (D. D.C. Mar. 10, 2004) ..........................................5, 7, 9

Steelcase, Inc. v. Haworth, Inc.,
   954 F. Supp. 1195 (W.D. Mich. 1997) .................................................................4, 5, 6, 7

Thorn EMI N. Am., Inc. v. Micron Tech., Inc.,
   837 F. Supp. 616 (D. Del. 1993) ................................................................................9

**Statutes**

Fed. R. Civ. P. 26(b)(5) ....................................................................................................3

Fed. R. Civ. P. 37 .............................................................................................................1

Fed. R. Civ. P. 37(a)(2)(A) ...............................................................................................3

Pursuant to Fed. R. Civ. P. 37, defendant Metalast, S.A. ("Metalast") hereby moves for an order compelling plaintiff Intex Recreation Corp. ("Intex") to produce all information, including all communications between Intex and its counsel, concerning the subject matter of the opinion letters produced by Intex during discovery in this case. Metalast's motion is supported by the following Memorandum of Points and Authorities and the Declaration of Joshua L. Raskin submitted herewith.

## I.  PRELIMINARY STATEMENT

This is a patent infringement case in which Metalast claims that Intex has willfully infringed U.S. Patent No. 5,547,041 ("the '041 patent"). As a consequence of the allegedly willful infringement, Metalast seeks enhanced damages pursuant to 35 U.S.C. § 284. In response to the claim for enhanced damages, Intex has asserted its alleged good-faith reliance on the advice of counsel and has produced two written opinion letters prepared by its trial counsel prior to the commencement of the litigation relating to the issues of infringement and validity of the '041 patent.

The legal dispute framed by the instant motion is limited in scope. The parties agree that the assertion of the advice-of-counsel defense operates as a waiver of otherwise applicable attorney-client privilege. The parties disagree, however, concerning the scope of the waiver. Metalast claims that, by asserting the advice-of-counsel defense, Intex has waived the attorney-client privilege, not only as to the opinion letters themselves, but also as to all communications between Intex and its attorneys regarding the subject matter of the opinion letters, i.e., regarding the issues of infringement and validity of the '041 patent. On the other hand, Intex takes the position that any waiver relates only to the specific opinion letters.

As discussed below, the case law is clear that an alleged infringer asserting an advice-of-counsel defense is deemed to have waived the attorney-client privilege as to, not only the opinion

-1-

letters themselves, but as to <u>all communications between counsel and client concerning the subject matter of the opinions</u>. Thus, it is respectfully submitted that the Court should order Intex to (a) produce all information, including all attorney-client communications, concerning the subject matter of the opinions, and (b) answer questions posed at a deposition concerning the same.

## II.   FACTUAL BACKGROUND

This is a patent case in which, on the one hand, Intex seeks a declaration that the '041 patent is invalid and not infringed and, on the other hand, Metalast claims that Intex has willfully infringed the '041 patent.

On March 4, 2002, Metalast served its First Set of Requests for Production of Documents and Things on Intex (Exh. 1)[1] and on April 22, 2002, Intex served its responses thereto (Exh. 2).

Without limitation, Metalast's document request nos. 2, 4-11, 22-38 and 41 each related to either the infringement, validity, enforceability or scope of the '041 patent while request no. 30 sought "[a]ll documents relating to or comprising validity, infringement or enforceability opinions prepared by or for Intex relating to the '041 patent."

In response to Metalast's request nos. 2, 4, 7, 9, 22-24, 26-32, 34-38 and 41, Intex objected on the grounds that they allegedly seek documents "subject to the attorney-client privilege or which [are] attorney work product."[2] In addition, in response to document request nos. 35-37, Intex stated that it "reserves the right to produce opinions of counsel as determined by [Intex]."

---

[1]   All references to "Exh." are to the Exhibits to the Declaration of Joshua L. Raskin submitted herewith.

[2]   While Intex did not assert this specific objection to each of these requests, with regard to those requests to which this objection was not asserted, Intex stated, "[s]ee all prior responses to these document requests which are incorporated herein."

On June 24, 2002, counsel for Metalast forwarded a letter to counsel for Intex in which numerous deficiencies in Intex' responses to Metalast's document requests were pointed out (Exh. 3). With regard to the requests to which objections were made based on the attorney-client privilege, including but not limited to request no. 30, Metalast stated the following in its letter:

> If Intex has withheld any responsive documents based on either the attorney-client privilege or the work product immunity doctrine, Intex must identify those documents on a privilege log in accordance with Fed. R. Civ. P. 26(b)(5). Specifically, Intex must identify each and every document withheld under a claim that it is privileged or subject to the work product immunity doctrine by describing the nature of the document in a manner that will enable Metalast to assess the applicability of the privilege or protection.

On July 19, 2002, counsel for Intex forwarded a response to Metalast's June 24, 2002 letter (Exh. 4). In its response, Intex stated that it would "provide a privilege log as necessary." In addition, with regard to request no. 30, Intex stated that it would "waive the attorney-client privilege with respect to this request for the limited purpose of producing the opinion of counsel regarding the '041 Patent" (emphasis added).

Thereafter, in or about August 2002, Intex produced to Metalast a copy of a July 28, 2000 opinion letter prepared by its lead trial counsel, David Makous, which was sent to William Smith of Intex (Exh. 5). Intex also produced a redacted copy of an October 3, 2000 opinion e-mail from its counsel, Julie Contreras, to Mr. Smith (Exh. 6) (collectively, the July 28, 2000 opinion letter and the October 3, 2000 opinion e-mail are referred to herein as "the Opinion Letters"). The Opinion Letters contain attorney-client communications regarding, among other things, the issues of infringement and validity of the '041 patent. However, Intex did not provide Metalast with a privilege log.

On April 9, 2004, counsel for Metalast forwarded a letter to counsel for Intex, pursuant to Fed. R. Civ. P. 37(a)(2)(A), requesting that they confer in good faith regarding a contemplated

-3-

motion to compel (Exh. 7). In the letter, Metalast requested that Intex "produce a privilege log identifying all documents and things which are responsive to Metalast's discovery requests and which have been withheld from production based on either the attorney-client privilege or the work product immunity doctrine." In addition, Metalast stated the following:

> By producing the July 28, 2000 opinion letter prepared by David Makous and sent to William Smith and the October 3, 2000 e-mail from Julie Contreras to Mr. Smith (INT0473 to INT0476), Intex has waived the attorney-client privilege as to all communications between Intex and its attorneys regarding the issues of infringement and validity of the '041 patent. *See, e.g., Steelcase, Inc. v. Haworth, Inc.*, 954 F. Supp. 1195, 1198 (W.D. Mich. 1997) (holding that an alleged infringer who has invoked its good faith reliance on an attorney's opinion regarding a patent has "waived the attorney-client privilege with regard to all communications between counsel and client concerning the subject matter of the opinion."). In addition to communications regarding these issues, Intex' waiver extends to all documents in its possession that refer or relate to counsel's opinion or represent information relayed to counsel as a basis for the opinion, and all information provided by Intex to its attorneys regarding the subject matter of the opinion. *Id.* at 1198-1199.

Metalast also stated in the April 9, 2004 letter that "the objections asserted by Intex in response to each of Metalast's requests for production relating to the issues of infringement and validity of the '041 patent on the basis of privilege are improper and should be withdrawn" and that "Intex is required to produce all documents in its possession or under its control which are responsive to those requests, notwithstanding the fact that they might once have been privileged."

On April 23, 2004, counsel for Intex responded to Metalast's April 9, 2004 letter (Exh. 8). In its letter, Intex stated that it would provide a privilege log. In addition, with regard to Metalast's position regarding Intex' subject matter waiver of the attorney-client privilege resulting from its production of the Opinion Letters, Intex stated, without providing any authority for its position, that "[a]ny waiver . . . relates only to the specific opinion provided on July 28, 2000."

-4-

On April 26, 2004, counsel for Metalast responded to Intex' April 23, 2004 letter (Exh. 9) by stating, among other things, that Metalast "disagree[s] with [Intex'] position that the waiver is limited to the specific opinion letter" and that Metalast "will begin preparing a motion to compel."

On May 4, 2004, Intex finally provided Metalast with a privilege log (Exh. 10).

## III. ARGUMENT

### A. Statement of Law

The Federal Circuit has held that discovery and other procedural issues not unique to patent cases should be decided pursuant to the law of the regional circuit where the district court sits. *See Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984). While the Federal Circuit has not addressed whether issues involving the scope of waiver of the attorney-client privilege in patent cases where willful infringement is an issue are unique to patent litigation, the Federal Circuit has clearly delineated the nature and scope of the advice-of-counsel defense thereby providing guidance to courts facing pre-trial issues related to it. *See, e.g., Simmons, Inc. v. Bombardier Motor Corp. of America*, 2004 U.S. Dist. LEXIS 4274; *8 (D. D.C. Mar. 10, 2004). Consequently, at least one court has held that, in deciding motions such as this one, the Court should follow the decisions of the Federal Circuit. *See, e.g., Steelcase Inc. v. Haworth, Inc.*, 954 F. Supp. 1195, 1197-98 (W.D. Mich. 1997).

While the Federal Circuit has apparently not directly addressed the discovery issue presented by the instant motion, it has provided substantial guidance concerning the general principles governing the advice-of-counsel defense which have a strong bearing upon this discovery dispute. According to Federal Circuit jurisprudence, the issue of willful infringement frames a question of fact. *See Bott v. Four Star Corp.*, 807 F.2d 1567, 1572 (Fed. Cir. 1986). Willfulness requires a determination as to the state of mind of the alleged infringer. *Ortho Pharmaceutical Corp. v. Smith*, 959

-5-

F.2d 936, 944 (Fed. Cir. 1992); *see also, Read Corp. v. Portec, Inc.*, 970 F.2d 816, 828 (Fed. Cir. 1992). When a defendant asserts that it was relying upon advice of counsel, the court must examine "objective evidence" to determine whether the reliance was justifiable. *Id.* at 829.

Based on these principles, "a defendant asserting an advice-of-counsel defense must be deemed to have waived the privilege as to <u>all communications between counsel and client concerning the subject matter of the opinion</u>." *Steelcase*, 954 F. Supp. at 1198 (emphasis added); *see also Simmons*, 2004 U.S. Dist. LEXIS 4274 at *6 ("It is generally agreed that an alleged infringer, invoking its good faith reliance on an attorney's opinion regarding a patent, waives the attorney-client privilege with regard to 'all communications between counsel and client concerning the subject matter of the opinion.'"). As stated by the Court in *Steelcase*,

> Because of the centrality of the opinion letter itself under Federal Circuit analysis, the opinion must be produced in its entirety, without redaction. If the opinion happens to contain irrelevant information, production of that information is a consequence of defendant's decision to waive the privilege. Likewise, the privilege must be denied (sic) waived concerning all documents in the client's hands that refer or relate to counsel's opinion or represent information relayed to counsel as a basis for the opinion. Furthermore, the privilege is waived as to all information provided by the client to the attorney, regarding the subject matter of the opinion. In this regard, the scope of the waiver is "broad," to the extent that it is necessary to shed complete light upon the alleged infringer's state of mind.
>
> \* \* \*
>
> By asserting advice-of-counsel as a defense to willful infringement, Haworth has waived the attorney-client privilege that would otherwise be applicable to communications between attorney and client concerning the subject matter, all documents referring to counsel's opinions, and all documents in the possession of Haworth bearing upon its state of mind.

*Steelcase*, 954 F. Supp. at 1198-99.

**B.     By Asserting The Advice-Of-Counsel Defense And Producing The Opinion Letters, Intex Has Waived The Attorney-Client Privilege With Regard To All Information, Including All Attorney-Client Communications, Concerning The Subject Matter Of The Opinions**

The Opinion Letters produced by Intex during discovery in this case (Exhs. 5 and 6) contain, among other things, attorney opinions regarding infringement and validity of the '041 patent. It cannot be disputed that the production of these opinions by Intex, to support its advice-of-counsel defense to Metalast's claim of willful infringement, amounts to a waiver of the attorney-client privilege. *Simmons*, 2004 U.S. Dist. LEXIS 4274 at *6. In fact, Intex does not dispute that, by producing the Opinion Letters, it has waived the attorney-client privilege (*see* Exh. 4) ("[Intex] will waive the attorney-client privilege . . . for the limited purpose of producing the opinion of counsel regarding the '041 Patent.") (emphasis added).

However, while the parties agree that the assertion of the advice-of-counsel defense operates as a waiver of otherwise applicable attorney-client privilege, the parties disagree concerning the scope of the waiver. Metalast claims that, by asserting the advice-of-counsel defense, Intex has waived the attorney-client privilege, not only as to the Opinion Letters themselves, but as to all communications between Intex and its attorneys regarding the subject matter of the Opinion Letters. On the other hand, Intex takes the position that any waiver relates only to the specific Opinion Letters themselves. As discussed above, the case law clearly support's Metalast's position.

As this Court recently stated, "an alleged infringer, invoking its good faith reliance on an attorney's opinion regarding a patent, waives the attorney-client privilege with regard to 'all communications between counsel and client concerning the subject matter of the opinion.'" *Simmons*, 2004 U.S. Dist. LEXIS 4274 at *6. The waiver extends, not only to the opinions themselves, but to (a) all documents in the client's hands that refer or relate to counsel's opinion or represent information relayed to counsel as a basis for the opinion; (b) all information provided by

-7-

the client to the attorney, regarding the subject matter of the opinion; (c) all communications between attorney and client concerning the subject matter of the opinion; (d) all documents referring to counsel's opinions; and (e) all documents in the possession of the client bearing upon its state of mind. *Steelcase*, 954 F. Supp. at 1198-99.

In addition, the waiver extends to the <u>entire</u> Opinion Letters so that the opinions cannot be redacted in any fashion. *Steelcase*, 954 F. Supp. at 1200 ("These documents bear directly upon Haworth's state of mind and are understandable only in their entirety. Since, under Federal Circuit law, an opinion's competence is principally judged upon the face of the opinion, the opinion cannot be redacted in any fashion.").

Accordingly, by asserting the advice-of-counsel defense and producing the Opinion Letters, Intex should be required to produce the following information:

- a <u>non-redacted</u> version of the October 3, 2000 opinion e-mail;
- all documents in Intex' possession that refer or relate to the Opinion Letters;
- all documents which represent information relayed to counsel as a basis for the Opinion Letters;
- all information provided by Intex to its attorneys regarding the subject matter of the Opinion Letters;
- all communications between Intex and its attorneys concerning the subject matter of the Opinion Letters; and
- all documents in Intex' possession bearing upon its state of mind.

In this connection, Intex has identified several documents on its privilege log (Exh. 10) which should be produced as a result of the waiver of the attorney-client privilege.[3] Specifically, and without limitation, document nos. 4, 9, 10, 17, 20-23, 25, 27, 28, 30-35, 37 and 38 should all be produced. Based on the description of these documents provided by Intex on its log, each of these documents is likely to contain information concerning the subject matter of the Opinion Letters.

In addition, by virtue of Intex' waiver of the attorney-client privilege, Metalast should be permitted, through depositions, to explore the subject matter of the Opinion Letters. For example, Metalast should be permitted to depose Intex and its attorney regarding what Intex knew about its attorney's independence, skill and competence to provide the opinions, the nature and extent of the analysis performed by the attorneys, and what Intex knew and had concluded about the credibility, value and reasonableness of the opinions. *Simmons*, 2004 U.S. Dist. LEXIS 4274 at *10 (citing *Thorn EMI N. Am., Inc. v. Micron Tech., Inc.*, 837 F. Supp. 616, 621 (D. Del. 1993)).

## IV. CONCLUSION

By asserting the advice-of-counsel defense and producing the Opinion Letters, Intex has waived the attorney-client privilege with regard to all information, including all communications between counsel and client, concerning the subject matter of the Opinion Letters, i.e., concerning infringement and validity of the '041 patent. Thus, it is respectfully submitted that Intex should be ordered to produce the following: (a) a non-redacted version of the October 3, 2000 opinion e-mail; (b) all documents in Intex' possession that refer or relate to the Opinion Letters; (c) all documents which represent information relayed to counsel as a basis for the Opinion Letters; (d) all information provided by Intex to its attorneys regarding the subject matter of the Opinion Letters; (e) all

---

[3] Since Intex did not identify the documents listed on its privilege log with any particular designation, e.g., a Bates number, counsel for Metalast has inserted numbers to the left of each document and will refer to these numbers herein.

communications between Intex and its attorneys concerning the subject matter of the Opinion Letters; and (f) all documents in Intex' possession bearing upon its state of mind. Included in the Court's Order should be an instruction to Intex to produce, without limitation, document nos. 4, 9, 10, 17, 20-23, 25, 27, 28, 30-35, 37 and 38 listed on its privilege log. Lastly, the Court should issue an order that Metalast is permitted, through depositions, to explore the subject matter of the Opinion Letters.

## RULE 37(a)(2)(A) CERTIFICATION

The undersigned hereby certifies that Metalast has in good faith conferred with counsel for Intex in an effort to secure the disclosures sought herein without court action.

Date: May 5, 2004

Respectfully submitted,

By: _____

John E. Curtin (D.C. Bar No. 448140)
HARNESS, DICKEY & PIERCE, P.L.C.
11730 Plaza America Drive, Suite 600
Reston, VA 20190
Phone: (703) 668-8046
Fax: (703) 668-8200

Martin G. Raskin (MR 6884)
Joshua L. Raskin (JR 4613)
STEINBERG & RASKIN, P.C.
1140 Avenue of the Americas
New York, NY 10036
Phone: (212) 768-3800
Fax: (212) 382-2124

Attorneys for Defendant
Metalast, S.A.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing METALAST'S MOTION TO COMPEL and accompanying MEMORANDUM IN SUPPORT, DECLARATION OF JOSHUA L. RASKIN and related PROPOSED ORDER was served via facsimile and first-class mail, postage prepaid, this 6th day of May, 2004, upon the following:

>(One copy only by fax and mail)
>David M. Makous, Esq.
>Thomas S. Kiddé, Esq.
>Daniel C. DeCarlo
>Lewis Brisbois Bisgaard & Smith LLP
>Suite 1200
>221 North Figueroa Street
>Los Angeles, CA  90012-2601
>(213)250-7900 (fax)

;and

>William C. Casano, Esq.
>Greenstein, DeLorme & Luchs, P.C.
>Suite 900
>1620 L Street, NW
>Washington, DC  20036
>(202)452-1410 (fax)

_____
John E. Curtin, Esq.